UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA MCMATH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV00552 ERW |
| GORDON WOODFORD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

In her pro se complaint against Gordon Woodford, Emily Allen, Rufus Moore and Rose Whitfield, plaintiff, Sheila McMath, asserts generally a violation of her "human/civil rights."

Plaintiff has not alleged any jurisdictional grounds for filing the instant action in Federal Court, rather she asserts generally that "Mr. Woodford is violating [her] human rights for personal life." She claims that defendant Woodford refused to write a letter to her landlord and the court and when he attended a congregation meeting she couldn't understand his "scriptural talk." In short, it appears that plaintiff disagrees with defendant Woodford's religious practices.

Plaintiff asserts that defendant Moore told her that she needed medication for her mental health. It appears that Moore might have been plaintiff's landlord and could have served her with an eviction notice, about which she complained. Plaintiff requests that the Court investigate "hospitals/clinics and …..landlord-tenant rights."

Plaintiff next asserts that she believes defendant Whitfield might be engaging in polygamy. She requests that the Court investigate such practices.

Last, plaintiff asserts that defendant Allen is aware of wrongful changes in Jehovah Witness Congregations, including adultery and false teachings. She requests that the Court investigate such practices.

## Discussion

Plaintiff has failed to state adequate grounds for filing the instant action in Federal Court. Although plaintiff broadly states that this case deals with "human/civil rights," and "religious freedom," there is no indication that plaintiff's claims in this lawsuit actually arise under the

Constitution, laws or treaties of the United States.[1] Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Plaintiff's claims, even construed liberally, do not provide this Court with jurisdiction under 28 U.S.C. § 1332. Although plaintiff has alleged generally that the amount in controversy is over $50 million, she has not alleged that the parties have diversity of citizenship from one another. As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Fed.R.Civ.P. 12(h)(3).

A separate Order of Dismissal will be filed forthwith.

So Ordered this 8th day of April, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has not alleged a violation of a federal statute and none of the named defendants is alleged to be, or appears to be a state actor and thus, there can be no cause of action under 42 U.S.C. § 1983.